**In re NEW YORK, O. & W. RY. CO.**

**No. 68276.**

District Court, S. D. New York.

Jan. 6, 1942.

Elbert N. Oakes, of New York City, for trustee.

Root, Clark, Buckner & Ballantine, of New York City, for group of Institution bondholders.

Hall, Cunningham, Jackson & Haywood, of New York City, for Federal Creosoting Co.

White & Case, of New York City, for Bankers Trust Co.

Willkie, Owen, Otis & Bailly, of New York City, for New York Trust Co.

HULBERT, District Judge.

The objections filed by Federal Creosoting Company bring on, as the sole question for review and determination, whether the Special Master properly denied the creditor's application for priority within the so-called "six months" rule.

The facts are not in dispute.

In October 1936 the debtor delivered to the creditor 15,066 railroad ties to be creosoted, all of which were so treated and 12,920 ties were delivered to the debtor within that month; the balance, 2,146 ties, were stacked on the premises of the creditor and removed at the rate of 533 ties in

March 1937, 531 in April 1937, 534 in May 1937, 269 in June 1937, and 279 in July 1937.

The Creosoting Company issued a bill on November 2, 1936, for the treatment of the 15,066 ties in the amount of $7,819.02. On March 1, 1937, the debtor issued to the creditor two trade acceptances, one due May 1, 1937 for $4,862.65, in which was included an item of $2,819.02 for the 2,146 ties, and the other due June 1, 1937 for $5,000, the balance of the 15,066 ties.

The claim for priority rests upon the fact that between March 22nd and July 9, 1937, and within the six months prior to the approval of the petition herein, viz,—May 20, 1937, the charges for servicing the creosoted ties delivered to the debtor amounted to $1,058.04 for which the creditor had an artisan's lien pursuant to Section 180 of the Lien Law of the State of New York.

The Special Master has allowed the creditor a general claim reduced to $4,918.82 without priority as to any part thereof.

The Special Master in his report, and counsel for the debtor in his brief, have each treated the creditor's claim for a priority as embracing the whole amount due.

According to the stenographer's minutes of the hearing before the Special Master which took place on Oct. 26, 1938, the following colloquy appears:

"Mr. Oakes: The question involved here is not one as to the amount of the claim. The Federal Creosoting Company by order No. 47 was allowed $5,021.78. * * * and the priority is granted on page 535 to the extent of $21.78 of that sum, leaving the Federal Creosoting Company as a general creditor as to $5000.

"That concern made application to the Court to amend its proof of claim to claim priority under the six months rule as to the $5000 and the Trustee filed objections to their right of priority, and this stipulation deals with this question of the right of priority and not with regard to the amount.

"Now Mr. Jackson may have some statement to make with regard to that."

"Mr. Jackson: Well, I think the six months dates here are the dates of the delivery of the ties, the price for which priority is claimed. Now, those deliveries were from March to July, 1937, and within the six months period."

- * * * * * *

"Mr. Jackson: So that the ties were delivered during the six months period and a

**864**

trade acceptance in payment for them was issued on March 1, 1937, also within the six months period. Those facts are in the stipulation.

"Now, my argument briefly on it is this: That the work was done under such circumstances and the nature of the contract was such that the claimant had by common law an artisan's lien for the value of the work that was done on the ties and that until it parted with possession of the ties the artisan's lien remained in force; that when during the six months period it parted with possession, it then made a contribution to the carrying on of the business with the expectation that it would be paid for out of current earnings and, therefore, it is within the rule."

\* \* \* \* \* \*

"Mr. Jackson: If the date when the work is done is the test, why we are before the six months period.

"Mr. Oakes: Yes. Now, during that period before May 20, 1937—in fact, 1936 and for some little time before, this plant was not in operation and did not resume operations until a month or six weeks after we filed our petition in 77. So it was physically impossible for the actual work on those ties to be performed within the six months period."

"Mr. Jackson: That is not the contention.

"Mr. Oakes: I understand. Now, the work was actually done, I think, in October, 1936, and a large part of the ties delivered during that month.

"The Master: I would not care about that. If they made an engine twenty years ago and delivered it to you within six months period, what is the difference? You wanted it.

\* \* \* \* \* \*

"Mr. Oakes: Oh, well, my statement is that a large number of these ties were delivered to us before.

"The Master: That is a different question.

"Mr. Jackson: We are not claiming for those. That is not involved here.

"The Master: Of the 15066 ties in October 12920 were removed in that same month.

"Mr. Oakes: They were delivered then.

"Mr. Jackson: We claim no priority for those.

"The Master: No. Now, you are claiming priority for the 533 ties removed in March, 1937.

"Mr. Jackson: Yes, the 531 in April 1937, 534 in May, 1937, 269 in June, 1937, and 279 in July, 1937."

The Special Master determined that the claim accrued on the completion of the service rendered by the claimant prior to November 20, 1936 (the bill was rendered Nov. 2, 1936); the claimant contends that the test is the date when credit was given and that credit was given when physical delivery was made and the artisan's lien was released.

There is no statutory provision for the "six months" rule except as it has been made applicable to a railroad reorganization by Section 77 subdivision (b) of the Bankruptcy Act, 11 U.S.C.A. § 205, sub. b, which reads as follows: "For all purposes of this section unsecured claims, which would have been entitled to priority if a receiver in equity of the property of the debtor had been appointed by a Federal court on the day of the approval of the petition, shall be entitled to such priority \* \* \*."

Ever since the "six months" rule was devised by Brewer, J. (afterwards Mr. Justice Brewer), Blair v. St. Louis, H. & K. R. Co., C.C., 22 F. 471, 474, quoted with apparent approval in Southern Railway Co. v. Carnegie Steel Co., 176 U.S. 257, 292, 20 S.Ct. 347, 44 L.Ed. 458, the courts have uniformly held that the application of the six months rule depends upon the peculiar facts in each case.

In Pettibone-Mulliken Co. v. Guaranty Trust Co., 8 Cir., 25 F.2d 948, at page 950, the Circuit Court of Appeals said: " \* \* \* We do not say that there may not be exceptions to the rule, arising from the facts in a particular case. But that is not the argument here. \* \* \* No special circumstances are relied on to induce us to hold this to be an exception; and we think there are none. \* \* \*"

I think the equities in this case required the allowance of a priority to the extent of $1,058.54.

The report of the Special Master is modified accordingly, and, as so modified, affirmed. Submit order.